UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDYN BLACHARSKI,

Plaintiff,

v.                                                    CAUSE NO. 3:26-CV-213-CCB-AZ

CRAWFORD, et al.,

Defendants.

## OPINION AND ORDER

Brandyn Blacharski, a prisoner without counsel, filed a complaint under 42
U.S.C. § 1983.[1] (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen this
pleading and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or
seeks monetary relief against a defendant who is immune from such relief. To proceed
beyond the pleading stage, a complaint must "state a claim to relief that is plausible on
its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial
plausibility when the plaintiff pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.
Iqbal*, 556 U.S. 662, 678 (2009). Because Blacharski is proceeding without counsel, the
court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94
(2007).

---

[1] Blacharski sought leave to amend his complaint and was granted until May 15, 2026, to do so.
(ECF 8.) However, that deadline passed more than two months ago, and no amended complaint has been
filed. He was also ordered to show cause why the initial partial filing fee was not paid (ECF 9), but after
the order issued, the initial partial filing fee was received (ECF 10). The court will therefore proceed to
screen the original complaint.

Blacharski's claims stem from events occurring at the Marshall County Jail when he was held there in January 2026 as a pretrial detainee.[2] (ECF 1.) He is currently being held at the St. Joseph County Jail. (ECF 12.) He claims that on or about January 20, 2026, he spoke with Sergeant Howard (first name unknown) about problems he was having with his mail. He claims that even though he was doing nothing wrong, Sergeant Howard told him he was going to be taken to the segregation unit. A few minutes later, Officers Keefe and Schultz (first names unknown) arrived to move him and told him to submit to restraints. He refused, and they forcibly removed him from his cell and placed him in the segregation unit. He remained there for approximately 10 days before being returned to general population. He claims the transfer to segregation occurred without any due process protections and that he had no notice of what he was accused of doing or opportunity to respond. Based on these events, he sues nine defendants for monetary damages and other relief.

"[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (citation and internal quotation marks omitted). Thus, "[a] pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process

---

[2] Public records reflect that Blacharski has pending charges in Marshall County for theft of a firearm, burglary of a dwelling, and other offenses. *See State v. Blacharski*, No. 50D01-2210-F4-00019 (Marshall Sup. Ct. filed Oct. 13, 2022). He was convicted of a separate theft charge in Elkhart County on June 1, 2026. *See State v. Blacharski*, No. 20D03-2101-F6-0001 (Elkhart Sup. Ct. closed June 1, 2026). The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

2

requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002); *see also Johnson v. Murray*, No. 23-1805, 2024 WL 208152, at *1-2 (7th Cir. Jan. 19, 2024). "Yet no process is due when a detainee is placed in segregation for nonpunitive reasons such as institutional safety or security." *Halligan v. Oldham*, No. 24-1481, 2025 WL 1289343, at *2 (7th Cir. May 5, 2025). Reasons for a transfer that would not require due process include overcrowding, protecting the detainee from himself or other detainees, or protecting jail staff from the detainee's "violent propensities." *Higgs*, 286 F.3d at 438.

It is difficult to discern from the complaint exactly why Blacharski was moved to segregation. Nevertheless, the court must afford him all favorable inferences at this stage. His complaint can be read to allege that Sergeant Howard moved him to segregation for punitive reasons after their discussion about his mail, without giving him any notice or opportunity to be heard. He has alleged enough to proceed further on a Fourteenth Amendment claim against Sergeant Howard. He further alleges that shortly after his transfer, he saw Commander Crawford (first name unknown), who holds a supervisory position at the jail, and asked him for due process protections in connection with his transfer to segregation.[3] He claims Commander Crawford responded that he was not required to give him any due process protections. He will be permitted to proceed further against the Commander on a Fourteenth Amendment claim.

---

[3] He states that he cited "Indiana Code" to the Commander, but to the extent he is claiming that jail policies or Indiana statutes were violated in connection with his transfer to segregation, this does not support a claim under 42 U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

He also sues Officers Keefe and Schultz, but it is evident from his allegations that these officers did not make the decision to transfer him to segregation. Instead, they merely assisted in moving him from one part of the jail to another. He was not permitted to resist them simply because he disagreed about the move. *See Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009) ("Orders given must be obeyed. Inmates cannot be permitted to decide which orders they will obey, and when they will obey them[.]"). He has not alleged a plausible Fourteenth Amendment claim against these officers.

He also sues the Sheriff of Marshall County, but this official cannot be held liable in his personal capacity simply because he oversees operations at the jail. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). There is no indication this high-ranking official had any personal involvement in Blacharski's placement in segregation as result of this incident. *See id.* It appears Blacharski is also suing the Sheriff in his official capacity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Municipal officials may be held liable under *Monell* if the unconstitutional acts of their employees "were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Thus, to allege a viable *Monell* claim, the plaintiff must identify an official municipal policy that caused him injury. *Grieveson*, 538 F.3d at 771. Alternatively, a plaintiff pursuing an official custom theory "must allege facts that

4

permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Here, Blacharski asserts that "it is [a] common place practice or policy" at the Marshall County Jail that pre-trial detainees are sent to segregation as punishment without any due process protections "whatsoever." He claims to be aware of many other inmates who were denied due process protections in similar circumstances over a period of several years. He claims this long-standing practice was well known within the County because of the numerous complaints, grievances, and lawsuits that have been filed about this issue. He has alleged enough to proceed on a policy claim against the Sheriff.

He also sues Marshall County and Captain Snyder (first name unknown) under *Monell*, but official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). It is redundant for him to proceed on an official capacity claim against multiple municipal defendants based on the same policy. *Budd v. Motley*, 711 F.3d 840, 844 (7th Cir. 2013). He likewise sues the "Unnamed Owner(s) of the Jail," but it is unclear whom he is referring to. The jail is operated by Marshall County, and he is being granted leave to proceed on a *Monell* claim against the top law enforcement official in the County. He cannot proceed against the jail itself, because this is a building, not a policy-making entity that can be sued for constitutional violations. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). He will not be permitted to proceed against these defendants.

He also sues "Unnamed Jailers that Placed the Plaintiff in Segregation at the Marshall County Jail." It is permissible as a general matter to sue a "placeholder defendant" in federal court. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022). However, he does not clearly allege who these individuals are and how, if at all, they were involved in these events. His complaint alleges that it was Sergeant Howard who made the decision to send him to segregation. His vague allegations about other unnamed individuals who may have been involved in some unspecified way do not state a claim under federal pleading standards. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) (inmate failed to state a claim "by making allegations about large, indeterminate groups of defendants").

Blacharski also alleges that jail staff opened his "legal mail" without his permission, which was the source of his dispute with Sergeant Howard. He believes this to be a violation of his First Amendment rights. Inmates have a First Amendment right to receive and send mail, but "legal mail" is a term of art referring only to mail to or from the inmate's attorney that is clearly marked as such. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). Blacharski does not allege that jail staff opened mail to or from his attorney clearly marked as such outside his presence. An inmate's non-legal mail—such as letters from family members or even court orders and other public filings—can be opened and inspected outside of an inmate's presence without violating

6

the First Amendment. *Kaufman*, 419 F.3d at 686; *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Blacharski has not stated a claim on this ground.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Sergeant Howard (first name unknown) and Commander Crawford (first name unknown) in their individual capacity for monetary damages for transferring him to segregation for a disciplinary infraction without due process protections in January 2026 in violation of the Fourteenth Amendment;

(2) **GRANTS** the plaintiff leave to proceed against the Sheriff of Marshall County in his official capacity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), for maintaining an unlawful policy or widespread practice of denying due process protections to jail detainees accused of disciplinary infractions in violation of the Fourteenth Amendment;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Snyder, Marshall County, Unnamed Owners, Keefe, Schultz, and Unnamed Jailers as defendants;

(5) **DIRECTS** the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Howard (first name unknown), Commander Crawford (first name unknown), and the Sheriff of Marshall County at the Marshall County Jail and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(6) **ORDERS** the Marshall County Sheriff to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(7) **ORDERS** Sergeant Howard (first name unknown), Commander Crawford (first name unknown), and the Sheriff of Marshall County to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 29, 2026.

/s/*Cristal C. Brisco*

CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

8